UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-769-H

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY                                                                   PLAINTIFF

V.

KENNETH N. SMITH                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

      Plaintiffs, Nationwide Mutual Fire Insurance Company ("Nationwide") initiated this action for declaratory judgment after denying the claim of its insured, Kenneth N. Smith ("Smith"). Smith has now asserted a counterclaim for bad faith. Nationwide has moved to bifurcate those claims from the underlying policy dispute.

      Kentucky has established a general policy that bad faith claims are bifurcated and are held in abeyance until after litigation of the underlying claims. *Wittmer v. Jones*, Ky., 864 S.W.2d 885 (1993). The reason for such a policy is obvious in third party claims such as discussed in *Wittmer*. *Id*. at 891. Also see, *Earl v. Cobb*, Ky., 156 S.W.3d 257, 269 (2004). As a general rule, absent a contractual obligation to pay, no bad faith can exist. *Kentucky National Ins. Co. v. Shaffer*, Ky. App., 155 S.W.3d 738, 742 (2004). Some of the same reasons concerning judicial economy and the potential for prejudice suggest that the same policy should apply here. On the other hand, in a first party case more of the evidence is related and the potential for prejudice is somewhat less. As a general rule, however, it is confusing to hear

evidence about the policy issues and about the decision to deny coverage at the same time. To avoid confusion among these two legal issues, bifurcation at trial is usually the preferred procedure.

Nationwide appears to have followed the correct procedure after denying a claim based on allegations of arson. At this time the Court does not know enough of the potential facts to determine that trial of the contract and bad faith issues would be unfairly prejudicial to Nationwide. After all much of the proof would be relevant to both issues. The Court will allow discovery to continue on both issues and will consider the bifurcation issue again prior to trial.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Nationwide's motion to bifurcate is DENIED at this time. All litigation and discovery relating to bad faith shall continue. The Court will consider bifurcation of the issues at trial upon renewed motion after discovery is complete.

cc:     Counsel of Record